IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH , for herself and qui tam and Ex Rel the Government of the Arab Replublic of Eygpt (Egypt) and as founder and first member of Doctors Against Drunk Drivers (DADD); Orthodox Christians Against Executions (OCAE); Sojourners Against Xenophobia (SAX), <br><br> Plaintiff, <br><br> vs. <br><br> State of South Carolina, all solely officially and solely for injunctive and qui tam relief; Nimrata R Haley as SC's Governor; all solely officially and solely for injunctive and qui tam relief; Alan Wilson, as SC's Attorney General; all solely officially and solely for injunctive and qui tam relief; Glenn McConnel, as SC's Lieutenant Governor; all solely officially and solely for injunctive and qui tam relief; John Courson, as President pro tempore of SC's Senate; all solely officially and solely for injunctive and qui tam relief; S.C.'s General Assembly, all solely officially and solely for injunctive and qui tam relief; SCs Judicial Merit Selection Commission, JMSC; all solely officially and solely for injunctive and qui tam relief; Jean Toal, as administrative head of all SC's state courts; all solely officially and solely for injunctive and qui tam relief; Daniel Shearouse, as Clerk of SC's Supreme Court; all solely officially and solely for injunctive and qui tam relief; | C/A No.: 3:12-1786-TLW-SVH |

| | |
|---|---|
| Tanya Gee, as Clerk and Deputy Clerk of SC's Court of Appeals; all solely officially and solely for injunctive and qui tam relief, Mark Keel, as Chief of SC's State Law Enforcement Division (SLED); all solely officially and solely for injunctive and qui tam relief; Leroy Smith, as Head of SC's Department of Public Safety; all solely officially and solely for injunctive and qui tam relief; Leon Lott, as Sheriff of Richland County SC and Warden of the Alvin S. Glenn Detention Center (ASGDC); all solely officially and solely for injunctive and qui tam relief; Gafford Thomas Cooper, Jr., as SC's Fifth Judicial Circuits's Administrative Judge for General Sessions; Daniel Johnson, all solely officially and solely for injunctive and qui tam relief as SC's Fifth Judicial Circuit's Solicitor; all solely officially and solely for injunctive and qui tam relief Gary Watts, as Coroner for Richland County SC; all solely officially and solely for injunctive and qui tam relief; Jeanette McBride, all solely officially and solely for injunctive and qui tam relief as Richland County's Clerk of Court; Leslie Coggiola, as SC's Disciplinary Counsel; all solely officially and solely for injunctive and qui tam relief; Roslynn Frierson, as Director of SC's Office of Court Administration; all solely officially and solely for injunctive and qui tam relief. William Nettles, as US Attorney for the District of South Carolina (DSC); all solely officially and solely for injunctive and qui tam relief; Steven Benjamin, as Mayor and all members of the City of Columbia ("the | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

City") Council; all solely officially and solely for injunctive and qui tam relief; Steve Gantt, manager for the City; all solely officially and solely for injunctive and qui tam relief Dana Turner, falsely bearing a title of Chief Administrative Judge of the City's Municipal Court (CMC); all solely officially and solely for injunctive and qui tam relief; Randy Scott, falsely bearing a title of the City's Chief of Police; all solely officially and solely for injunctive and qui tam relief; Marion Hanna, falsely bearing the title of CMC judge; all solely officially and solely for injunctive and qui tam relief; Ken Gaines, supposed attorneys for the City and all of their subordinates who intend to injure Plaintiff; all solely officially and solely for injunctive and qui tam relief; Robert G. Cooper, supposed attorneys for the City and all of their subordinates who intend to injure Plaintiff; all solely officially and solely for injunctive and qui tam relief; all solely officially and solely for injunctive and qui tam relief; Dana M. Thye, supposed attorneys for the City and all of their subordinates who intend to injure Plaintiff; all solely officially and solely for injunctive and qui tam relief; David A. Fernandez, supposed attorneys for the City and all of their subordinates who intend to injure Plaintiff; all solely officially and solely for injunctive and qui tam relief,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER

This matter is before the court on Plaintiff's motion for recusal of the undersigned magistrate judge [Entry #5]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

I.   Factual Background

In support of her motion for recusal, Plaintiff's motion states: "U.S. Magistrate Judge (D.S.C.) Shiva Vafai Hodges has conflicts of interest in being the sister of Attorney Shahin Vafai, law partner to Stephen Savitz, father of Heather Savitz Weiss, who falsely prosecuted Dr. Assa'ad-Faltas and is alleged to have suborned perjury against Dr. Assa'ad-Faltas." [Entry #5]. Plaintiff's motion lists no other basis for recusal.

II.   Discussion

A.   Standard of Review

The Fourth Circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) (citations and quotations omitted); *see also* Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . ."). As the Ninth Circuit summarized:

> This proposition is derived from the "judicial [p]ower" with which we are vested. *See* U.S. Const. art. III, § 1. It is reflected in our oath, by which we have obligated ourselves to "faithfully and impartially discharge and

perform [our] duties" and to "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Without this proposition, we could recuse ourselves for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring . . . .

It is equally clear from this general proposition that a judge may not sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also id.* § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal. *See Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). If it is a close case, the balance tips in favor of recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993).

*United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (alterations and emphasis in original).

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[1] That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that

---

[1] Notably, 28 U.S.C. § 455 largely tracks the language of Canon 3C of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

obligation, "may regard asserted conflicts to be more innocuous than an outsider would." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. *DeTemple*, 162 F.3d at 287. Recusal decisions under 28 U.S.C. § 455(a) are "fact-driven and may turn on subtleties in the particular case." *Holland*, 519 F.3d at 912.

The statute provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). For instance, a judge is disqualified "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).[2] Bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). Additionally, a judge should recuse herself if:

> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

---

[2] Similarly, 28 U.S.C. § 144 mandates recusal when a party to a "proceeding in a district court" demonstrates by a timely and sufficient affidavit that the "judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The procedures for seeking recusal under 28 U.S.C. § 144 differ from those under § 455(b)(1). Furthermore, where actual bias is demonstrated pursuant to 28 U.S.C. § 144, recusal will generally also be required in any event under 28 U.S.C. § 455(a)'s standard of an appearance of bias. Therefore, the standard stated herein focuses on 28 U.S.C. § 455.

>(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>(ii) Is acting as a lawyer in the proceeding;
>(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b)(5).

B. Analysis

Here, Plaintiff's only alleged basis for recusal is that the undersigned's brother's law partner's daughter prosecuted Plaintiff in a prior case (and allegedly suborned perjury against her) in a state court. [Entry #5].[3] However, such a tangential relationship will not support a basis for recusal. For example, the Fourth Circuit found that recusal was not required in the following circumstances: (1) where a bankruptcy judge indicated that he thought the president of the debtor corporation was a "fine man"; (2) in a criminal prosecution arising out of bankruptcy fraud, the judge had previously represented victims of the fraud; (3) where a government witness was the son of the judge's deceased godparents, but the judge had not had contact with the witness in over ten years. *See Cherry*, 330 F.3d at 665–66 (internal citations omitted). Additionally, the conditions for recusal listed in 28 U.S.C. 455(b)(5) do not apply here, as the undersigned's brother has no known involvement or interest in this case. Therefore, because Plaintiff has not set forth a

---

[3] To the extent Plaintiff claims the undersigned was aware of the alleged relationship, such an allegation is unfounded.

7

basis for recusal under the law or shown that a reasonable person would question the undersigned's impartiality in this matter, Plaintiff's motion for recusal must be denied.

III.  Conclusion

For the foregoing reasons, Plaintiff's Motion to Recuse [Entry #5] is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

August 7, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge