IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, for herself and qui tam and Ex Rel the Government of the Arab Replublic of Eygpt (Egypt) and as founder and first member of Doctors Against Drunk Drivers (DADD); Orthodox Christians Against Executions (OCAE); Sojourners Against Xenophobia (SAX), <br><br> Plaintiff, <br><br> vs. <br><br> State of South Carolina, all solely officially and solely for injunctive and qui tam relief; Nimrata R Haley as SC's Governor; all solely officially and solely for injunctive and qui tam relief; Alan Wilson, as SC's Attorney General; all solely officially and solely for injunctive and qui tam relief; Glenn McConnel, as SC's Lieutenant Governor; all solely officially and solely for injunctive and qui tam relief; John Courson, as President pro tempore of SC's Senate; all solely officially and solely for injunctive and qui tam relief; S.C.'s General Assembly, all solely officially and solely for injunctive and qui tam relief; SCs Judicial Merit Selection Commission, JMSC; all solely officially and solely for injunctive and qui tam relief; Jean Toal, as administrative head of all SC's state courts; all solely officially and solely for injunctive and qui tam relief; Daniel Shearouse, as Clerk of SC's Supreme Court; all solely officially and solely for injunctive and qui tam relief; | C/A No.: 3:12-1786-TLW-SVH <br><br><br><br><br><br><br><br><br><br><br> ORDER |

Tanya Gee, as Clerk and Deputy Clerk ) 
of SC's Court of Appeals; all solely ) 
officially and solely for injunctive and ) 
qui tam relief, Mark Keel, as Chief of ) 
SC's State Law Enforcement Division ) 
(SLED); all solely officially and solely ) 
for injunctive and qui tam relief; Leroy ) 
Smith, as Head of SC's Department of ) 
Public Safety; all solely officially and ) 
solely for injunctive and qui tam relief; ) 
Leon Lott, as Sheriff of Richland County ) 
SC and Warden of the Alvin S. Glenn ) 
Detention Center (ASGDC); all solely ) 
officially and solely for injunctive and ) 
qui tam relief; Gafford Thomas Cooper, ) 
Jr., as SC's Fifth Judicial Circuits's ) 
Administrative Judge for General ) 
Sessions; Daniel Johnson,  all solely ) 
officially and solely for injunctive and ) 
qui tam relief as SC's Fifth Judicial ) 
Circuit's Solicitor; all solely officially ) 
and solely for injunctive and qui tam ) 
relief Gary Watts, as Coroner for ) 
Richland County SC; all solely officially ) 
and solely for injunctive and qui tam ) 
relief; Jeanette McBride,  all solely ) 
officially and solely for injunctive and ) 
qui tam relief as Richland County's ) 
Clerk of Court; Leslie Coggiola, as SC's ) 
Disciplinary Counsel; all solely officially ) 
and solely for injunctive and qui tam ) 
relief; Roslynn Frierson, as Director of ) 
SC's Office of Court Administration; all ) 
solely officially and solely for injunctive ) 
and qui tam relief. William Nettles, as ) 
US Attorney for the District of South ) 
Carolina (DSC); all solely officially and ) 
solely for injunctive and qui tam relief; ) 
Steven Benjamin, as Mayor and all ) 
members of the City of Columbia ("the ) 
 )

City") Council; all solely officially and solely for injunctive and qui tam relief; Steve Gantt, manager for the City; all solely officially and solely for injunctive and qui tam relief Dana Turner, falsely bearing a title of Chief Administrative Judge of the City's Municipal Court (CMC); all solely officially and solely for injunctive and qui tam relief; Randy Scott, falsely bearing a title of the City's Chief of Police; all solely officially and solely for injunctive and qui tam relief; Marion Hanna, falsely bearing the title of CMC judge; all solely officially and solely for injunctive and qui tam relief; Ken Gaines, supposed attorneys for the City and all of their subordinates who intend to injure Plaintiff; all solely officially and solely for injunctive and qui tam relief; Robert G. Cooper, supposed attorneys for the City and all of their subordinates who intend to injure Plaintiff; all solely officially and solely for injunctive and qui tam relief; all solely officially and solely for injunctive and qui tam relief; Dana M. Thye, supposed attorneys for the City and all of their subordinates who intend to injure Plaintiff; all solely officially and solely for injunctive and qui tam relief; David A. Fernandez, supposed attorneys for the City and all of their subordinates who intend to injure Plaintiff; all solely officially and solely for injunctive and qui tam relief,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Petitioner, proceeding *pro se* and *in forma pauperis*, filed this petition pursuant to 28 U.S.C. § 1983. This matter comes before the court upon Petitioner's motion [Entry #23] for reconsideration of the undersigned's order on recusal [Entry #17] or for a hearing on all cases referred to the undersigned. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

Motions for reconsideration of interlocutory orders are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003). Petitioner has not identified any of the narrow circumstances appropriate for granting a motion to reconsider. Therefore, Petitioner's motion for reconsideration [Entry #23] is denied. Further, the court denies Petitioner's request for a hearing as otherwise unnecessary.

IT IS SO ORDERED.

August 15, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge